HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
ANDRAS FARKAS, CA Bar #254302
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
PAUL VARGAS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>PAUL VARGAS,<br><br>          Defendant. | 1:14-CR-0133-BAM<br><br>JOINT MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CRIM. P. 35(a) and ORDER |

The parties by and between the parties hereto, through their respective counsel, Brian Fogerty, Special Assistant United States Attorney, counsel for plaintiff, and Andras Farkas, Assistant Federal Defender, counsel for Defendant, PAUL VARGAS, hereby move pursuant to Federal Rule of Criminal Procedure 35(a) to correct clear error in the judgment entered in this case.

**A. Procedural Background**

On July 31, 2014, pursuant to a plea agreement with the government, Mr. Vargas pled guilty to one count of Theft Within Special Maritime and Territorial Jurisdiction in violation of 18 U.S.C. § 661. On September 4, 2014, this Court sentenced Mr. Vargas to 36 months of unsupervised probation as a condition of which he was ordered to pay a $1,000 fine and a $25 special assessment, to perform 250 hours of community service within the first 24 months of probation, and to obey all laws.  In addition, the Court ordered Mr. Vargas to pay restitution in

the amount of $11,065.

The parties' plea agreement stated that Mr. Vargas and the government would recommend that Mr. Vargas serve 1 year of unsupervised probation, pay a $1,000 fine, and pay restitution in the amount of $11,056. The restitution amount was based on the calculation of the investigator for the Department of Labor, which was the investigating agency in this case.

**B. The Law**

Federal Rule of Criminal Procedure 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Mandatory Victim Restitution Act (MVRA) governs the restitution order in this case. *See* 18 U.S.C. § 3663A(c)(1). Under the MVRA, a district court may not order a defendant to pay restitution in an amount that exceeds the actual loss the defendant's conduct causes. *See, e.g., United States v. Fu Sheng Kuo* 620 F.3d 1158, 1165-66 (9th Cir. 2010). In addition, the Ninth Circuit has held that a sentencing court may order payment of restitution as a condition of probation in an amount no greater than set forth in "the indictment counts on which conviction is based, or in a plea agreement that specifically addresses restitution." *United States v. Whitney*, 785 F.2d 824, 826 (9th Cir. 1986) *but see United States v. Black*, 767 F.2d 1334, 1343-44 (9th Cir. 1985) (restitution will be proper so long as the defendant is given adequate notice and the chance to be heard on the issue).

Here, the only proper basis for restitution the parties presented to the Court was the amount in the plea agreement, which was based on the amount the Department of Labor calculated.[1] *See* Dkt. Entry 4 at 3. The Court did not make a restitution finding that differed from the amount the parties proposed in the plea agreement. A sentence of restitution greater than the amount specified in the plea agreement is an illegal sentence contrary to the MVRA and subject to correction under Rule 35. *See Fu Sheng Kuo* at 1166 (citing *United States v. James*, 564 F.3d 1237, 1243 (10th Cir. 2009); *United States v. Savely*, 814 F.Supp. 1519, 1523-24 (D. Kan. 1993) (listing cases and stating that "[a] restitution order unauthorized by statute is an

---

[1] The actual restitution amount the government calculated was $16,056. The restitution amount the parties agreed upon in the plea agreement reflects the $5,000 Mr. Vargas repaid the victims prior to his plea and sentencing.

illegal sentence for which a defendant may file a Rule 35(a) motion at any time.").

WHEREFORE, the parties request that the Court, pursuant to Rule 35(a), issue an amended judgment which incorporates the terms of the Court's original sentence while lowering the restitution amount from $11,065 to $11,056.

             Respectfully submitted,

             HEATHER E. WILLIAMS
             Federal Defender

Date: September 11, 2014    /s/ *Andras Farkas*
             ANDRAS FARKAS
             Assistant Federal Defender
             Attorneys for Defendant
             PAUL VARGAS


             BENJAMIN B. WAGNER
             United States Attorney

Date:  September 11, 2014    /s/ *Brian Fogerty*
             BRIAN FOGERTY
             Special Assistant United States Attorney
             Attorneys for Plaintiff

## ORDER

Pursuant to the joint motion of the parties the judgment filed on September 9, 2014 in the above matter is amended pursuant to Rule 35(a) to reflect that the Defendant is ordered to pay restitution in the amount of $11,056.  All other portions of the judgment shall remain in effect. An amended judgment shall issue forthwith.


IT IS SO ORDERED.

Dated:  **September 12, 2014**            
                   UNITED STATES MAGISTRATE JUDGE